

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA,

v.                                          Criminal No. 3:96CR66-6

LEONEL R. CAZACO,

     Petitioner.

## MEMORANDUM OPINION

The matter is before the Court on Leonel R. Cazaco's pro se MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ("§ 2255 Motion," ECF No. 1995.)[1] Cazaco argues that two of his firearm convictions (Counts Eighteen and Twenty-Five) are invalid under United States v. Davis, 139 S. Ct. 2319 (2019) and Johnson v. United States, 576 U.S. 591 (2015). The Government has filed its Response and argues that Cazaco is not entitled to relief with respect to Count Eighteen but concedes that Cazaco is entitled to relief with respect to Count Twenty-Five. Therefore, the § 2255 Motion will be granted in part and denied in part.

## I.  Pertinent Procedural History

Cazaco was a member of the criminal organization known as the the Poison Clan which operated across the mid-Atlantic and engaged in distribution of crack and powder cocaine and acts of violence.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spacing in the quotes from Cazaco's submissions.

(ECF No. 123, at 4.)   Cazaco was charged in a Superseding Indictment with eighteen counts:   participating in a Racketeer-Influenced and Corrupt Organization ("RICO"), in violation of 18 U.S.C. § 1962(c) (Count One); RICO conspiracy, in violation of 18 U.S.C. 1962(d) (Count Two);   conspiracy to distribute "crack" and powder cocaine, in violation of 21 U.S.C. § 846 (Count Three) (id. at 1-51); three counts of murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A) (Counts Ten, Eleven, and Twelve); conspiracy to murder in the aid of RICO, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirteen); three counts of the murder of Marco Baylor, Anthony Baylor, and Anthony Merritt, in aid of RICO, in violation of 18 U.S.C. § 1959(a)(1) (Counts Fourteen, Fifteen, and Sixteen); assault with a dangerous weapon of Charles Meekins, in the aid of RICO, in violation of 18 U.S.C. § 1959(a)(3) (Count Seventeen); use and carry of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), to wit:   the murder in aid of RICO and assault with a dangerous weapon in aid of RICO in Counts Fourteen through Seventeen (Count Eighteen); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Nineteen); conspiracy to interfere with commerce by robbery ("Hobbs Act conspiracy"), in violation of 18 U.S.C. § 1959(a) (Count Twenty-One); conspiracy to murder Walter Twitty, in aid of RICO, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Two); the murder

2

of Walter Twitty, in aid of RICO, in violation of 18 U.S.C.
§ 1959(a)(1) (Count Twenty-Three); use and carry of a firearm
during a crime of violence, in violation of 18 U.S.C. § 924(c), to
wit:  Hobbs Act conspiracy, conspiracy to murder in aid of RICO,
and murder in aid of RICO in Counts Twenty-One through Twenty-
Three (Count Twenty-Four);[2] use of a firearm during a crime of
violence, in violation of 18 U.S.C. § 924(c), to wit: Hobbs Act
conspiracy, conspiracy to murder in aid of RICO, and murder in aid
of RICO in Counts Twenty-One through Twenty-Three (Count Twenty-
Five); and possession of a firearm by a convicted felon, in
violation of 18 U.S.C. § 922(g)(1) (Count Twenty-Six).  (Id. at
60-88.)

Following a jury trial, Cazaco was convicted of all charged
counts except Count Twenty-Three of which he was acquitted by the
jury.  (ECF No. 1080.)

On November 7, 1997, the Court sentenced Cazaco to life in
prison on Counts One, Three, Ten through Twelve, and Fourteen
through Sixteen; 120 months to be served concurrently on Counts
Thirteen, Nineteen, and Twenty-Six; 240 months to be served
concurrently on Counts Seventeen and Twenty-One; 60 months to be

---

[2] The Superseding Indictment incorrectly identifies the count
numbers for the predicate offenses for Counts Twenty-Four and
Twenty-Five as Counts Twenty-Two through Twenty-Four.  Instead, it
should have read that the predicate offenses were Counts Twenty-
One through Twenty-Three.

3

consecutively on Count Eighteen; and 240 months to be served consecutively on Count Twenty-Five. (ECF No. 1308, at 3.)

In 2001, Cazaco filed his first motion to vacate under 28 U.S.C. § 2255. (ECF No. 1670.) By Memorandum Opinion and Order entered on October 31, 2002, the Court denied the § 2255 motion. (ECF Nos. 1717, 1718.) Since that date, Cazaco has filed several unauthorized, successive § 2255 motions that the Court denied. (See ECF Nos. 1757, 1758, 1786, 1787, 1791, 1792.) At first, the United States Court of Appeals for the Fourth Circuit denied Cazaco's request to file a successive § 2255 motion under Johnson v. United States, 576 U.S. 591 (2015). (ECF No. 1902.) However, after the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), the Fourth Circuit granted Cazaco permission to file this successive § 2255 Motion. (ECF No. 1993.)

## II.   Supreme Court "Crime Of Violence" Jurisprudence

In Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," id. at 606,[3] because the

---

[3] The ACCA provides that

[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on

4

Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner for the reason that the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another." Id. at 597-98 (citation omitted). Subsequently, in Welch v. United States, 578 U.S. 120 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 135.

In his § 2255 Motion, Cazaco asserts that, after Johnson, his convictions of murder in the aid of RICO and assault with a dangerous weapon in the aid of RICO in Counts Fourteen through Seventeen, and Hobbs Act conspiracy, and conspiracy to commit murder in aid of RICO in Counts Twenty-One and Twenty-Two no longer qualify as crimes of violence under 18 U.S.C. § 924(c)(3). Thus, he contends that his associated firearm convictions in Counts Eighteen and Twenty-Five must be vacated.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm

---

occasions different from one another, such person
shall be fined under this title and imprisoned not
less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause of ACCA, the
term violent felony had been "defined to include any felony that
'involves conduct that presents a serious potential risk of
physical injury to another.'" Johnson, 576 U.S. at 593 (quoting
18 U.S.C. § 924(e)(2)(B)).

in furtherance of a crime of violence.  The baseline additional period of imprisonment is five years.  18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years.  Id. § 924(c)(1)(A)(ii).  And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years.  Id. § 924(c)(1)(A)(iii).

At the time of Cazaco's conviction of Count Eighteen and Twenty-Five, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements.  Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

Id. § 924(c)(3).  In 2019, the Supreme Court invalidated the residual clause of § 924(c).  United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").  Thus, in order for Cazaco's § 924(c) convictions in Counts Eighteen and Twenty-Five to pass constitutional muster, each must be predicated on a crime of violence that satisfies the Force Clause of § 924(c).

6

### III.   The Predicate Crimes Identified In The Superseding Indictment

#### A.   Count Eighteen

Count Eighteen of the Superseding Indictment stated:

> On or about January 12, 1994, at Richmond, Virginia . . . [D]efendant[] . . . CAZACO . . . did knowingly and unlawfully use and carry firearms, to wit: a 9 mm Ruger semi-automatic pistol and a .41 caliber revolver, during and in relation to a crime of violence, that is violations of Title 18, United States Code, Section 1959(a)(1), as set forth in Counts Fourteen through Seventeen of this Indictment, which are felonies prosecutable in a Court of the United States, and did aid, abet, assist, counsel, induce and procure one another and others in the commission of said offense.

(ECF No. 123, at 74).   The four predicate charges for Count Eighteen were three counts of murder in aid of RICO and one count of assault with a deadly weapon in aid of RICO.   First, Count Fourteen charged, in pertinent part:

> On or about January 12, 1994, at Richmond, Virginia, in the Eastern District of Virginia and elsewhere within the jurisdiction of the Court, . . . [D]efendant[] . . . CAZACO . . . did knowingly, willfully, and unlawfully cause the murder of Anthony Baylor, in violation of § 18.2-32 of the Code of Virginia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, and did aid, abet, and assist one another and others in the commission of said offense.
> (In violation of Title 18, United States Code, Sections 1959(a)(1) and 2).

(Id. at 70 (emphasis added).)   Second, Count Fifteen charged, in pertinent part:

7

On or about January 12, 1994, at Richmond, Virginia, in the Eastern District of Virginia and elsewhere within the jurisdiction of the Court, . . . [D]efendant[] . . . CAZACO . . . did knowingly, willfully, and unlawfully cause the murder of Marco Baylor in violation of § 18.2-32 of the Code of Virginia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, and did aid, abet, and assist one another and others in the commission of said offense.
        (In violation of Title 18, United States Code, Sections 1959(a)(1) and 2).

(Id. at 71 (emphasis added).)  Third, Count Sixteen charged, in

pertinent part:

On or about January 12, 1994, at Richmond, Virginia, in the Eastern District of Virginia and elsewhere within the jurisdiction of the Court, . . . [D]efendant[] . . . CAZACO . . . did knowingly, willfully, and unlawfully cause the murder of Anthony Merrit in violation of § 18.2-32 of the Code of Virginia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity, and did aid, abet, and assist one another and others in the commission of said offense.
        (In violation of Title 18, United States Code, Sections 1959(a)(1) and 2).

(Id. at 72 (emphasis added).)  Finally, Count Seventeen charged,

in pertinent part:

On or about January 12, 1994, at Richmond, Virginia, in the Eastern District of Virginia and elsewhere within the jurisdiction of the Court, . . . [D]efendant[] . . . CAZACO . . . did knowingly, willfully, and unlawfully assault Charles Meekins with

a dangerous weapon in violation of § 18.2-51 of the Code
of Virginia, as consideration for the receipt of, and as
consideration for a promise and agreement to pay,
something of pecuniary value from an enterprise engaged
in racketeering activity, and for the purpose of gaining
entrance to and maintaining and increasing position in
an enterprise engaged in racketeering activity, and did
aid, abet, and assist one another and others in the
commission of said offense.
            (In violation of Title 18, United States Code,
Sections 1959(a)(3) and 2).

(Id. at 73 (emphasis added).)   The jury found Cazaco guilty of

Counts Fourteen through Eighteen.  Accordingly, the jury clearly

found that Cazaco was guilty of the three murders in aid of RICO

and the assault with a dangerous weapon in aid of RICO, and all

four of those crimes served as the predicates for the § 924(c)

firearm count.

    **B.    Count Twenty-Five**

The pertinent portion of Count Twenty-Five charged:

            On or about April 7, 1994, at Richmond, Virginia,
in the Eastern District of Virginia and elsewhere within
the jurisdiction of the Court, the [D]efendant[] . . .
CAZACO . . . did knowingly and unlawfully use a firearm,
to wit:  a loaded .22 caliber semi-automatic pistol,
during and in relation to three crimes of violence, which
are felonies prosecutable in a Court of the United
States, to wit:   1) Conspiracy to Interfere with
Interstate Commerce by Robbery, in violation of Title
18, United States Code, Section 1951, as charged in Count
Twenty-Two of this Indictment; 2) Conspiracy to Commit
Murder in Aid of Racketeering Activity, in violation of
Title 18, United States Code, Section 1959, as charged
in Count Twenty-three of this Indictment; and 3) Murder
in the Aid of Racketeering Activity, in violation of
Title 18, United States Code, Section 1959, as charged
in Count Twenty-four of this Indictment.
            (In violation of Title 18, United States Code,
Sections 924(c) and 2).

(<u>Id.</u> at 87.)

### IV.  Murder In The Aid Of RICO Qualifies As A Crime Of Violence Under The Force Clause (Count Eighteen)

The Fourth Circuit has determined that generic, federal second-degree "murder is a crime of violence under § 924(c)'s force clause because it '[h]as an element the use, attempted use, or threatened use of physical force against the person.'" <u>In re Irby</u>, 858 F.3d 231, 234–35 (4th Cir. 2017) (alteration in original) (citing <u>In re Hubbard</u>, 825 F.3d 225, 229 (4th Cir. 2016)). Further, "the crime of first-degree murder under Virginia law qualifies categorically as a crime of violence under the force clause." <u>United States v. Mathis</u>, 932 F.3d 242, 265 (4th Cir. 2019). In reaching that conclusion, the Fourth Circuit noted that:

> A conviction for first-degree murder under Virginia law requires the "willful, deliberate, and premeditated" killing of another.  Va. Code § 18.2-32.  Murder "requires the use of force capable of causing physical pain or injury to another person" irrespective whether that force is exerted directly or indirectly by a defendant.

<u>Id.</u> (citing <u>In re Irby</u>, 858 F.3d at 236, 238).

Cazaco's argument with respect to Count Eighteen is not particularly straightforward.  Cazaco contends:

> As previously noted, Count 18 alleged that Petitioner possessed a firearm in furtherance of the commission of a crime of violence to wit, assault with a deadly weapon, in violation of Va. Code Ann. § 18.2-51.  At least one district court acknowledged that § 18.2-51 qualified as a violent felony under the residual clause of § 924(e)(2)(B)(ii).  <u>See</u> <u>United</u>

10

> States v. Carter, 2013 U.S. Dist. LEXIS 136836 (E.D. Va.
> 2013). Another district court determined that § 18.2-
> 51 was not a crime of violence under the limited
> provision of section 2L1.2 of the United States
> Sentencing Guidelines because it did not have as an
> element the use, attempted use or threatened use of
> physical force against another person. See United
> States v. Lopez-Reyes, 945 F. Supp. 658 (E.D. Va. 2013).
> Read together, these cases indicate that § 18.2-51 could
> only be classified as a predicate crime of violence under
> § 924(c)(3)(B). Thus, because Davis rendered
> § 924(c)(3)(B) unconstitutionally vague, Petitioner's
> conviction on Count 18 should be vacated.

(ECF No. 1995, at 5.) At the outset, Cazaco's argument has one glaring fault because it ignores the fact that there were four predicate offenses for Count Eighteen. In addition to assault with a deadly weapon in aid of RICO, Count Eighteen was also based on the three murders in aid of RICO charges. Thus, whether assault with a deadly weapon qualifies as a valid crime of violence[4] is not controlling because Cazaco's three murder charges certainly remain valid crimes of violence predicates for the § 924(c) conviction in Count Eighteen.

Virginia classifies Criminal homicides as follows:

1. Capital murder,
2. First-degree murder,

---

[4] Courts in the Fourth Circuit and the Sixth Circuit have found that assault with a deadly weapon in the aid of RICO under § 1959(a)(3) also qualifies as a crime of violence under the force clause. See Manners v. United States, 947 F.3d 377, 381-82 (6th Cir. 2020); Thomas v. United States, No. 2:11-CR-58, 2021 WL 3493493, at *7 (E.D. Va. Aug. 9, 2021); Ellis v. United States, Nos. 4:19cv115, 4:08cr144, ---F. Supp. 3d.---, 2020 WL 1844792, at *2 (E.D. Va. Apr. 10, 2020). Thus, all four predicate offenses remain valid crimes of violence for Count Eighteen.

      3. Second-degree murder,
      4. Voluntary manslaughter, and
      5. Involuntary manslaughter.

Essex v. Commonwealth, 322 S.E.2d 216, 219 (Va. 1984).   The

Superseding Indictment reflects that Cazaco was instructed "to

murder Anthony Baylor and any other person inside the location of

20 North 31st Street, Richmond, Virginia due to Baylor's refusal

to sell 'crack' cocaine from the location of 20 North 31st Street,

Richmond, Virginia.  (ECF No. 123, at 67.)  Cazaco and others also

"performed surveillance trips of the location of 20 North 31st

Street . . . in preparation of the murder of the occupants of this

location." (Id. at 67-68.)  Cazaco and a co-defendant then "shot

Anthony Baylor, Marco Baylor and Anthony Merrit to death and

critically wounded Charles Meekins inside the location of 20 North

31st Street . . . ." (Id. at 68.)  Thus, it is alleged that the

three murders were willful, deliberate, and premeditated and

amounted to first-degree murder.   See Va. Code Ann. § 18.2-32.

First-degree murder is categorically a crime of violence under

§ 924(c)'s force clause.  Mathis, 932 F.3d at 265.[5]  Nevertheless,

the Court need not decide that here, because second-degree murder

too, is a crime of violence under the force clause.

    In Virginia, malice is "a requisite element for murder of any

kind, is unnecessary in manslaughter cases and is the touchstone

---

[5] The record proved those allegations beyond a reasonable
doubt, and, the jury so found.

by which murder and manslaughter cases are distinguished." <u>Essex</u>,
322 S.E.2d at 219-20 (citing <u>Moxley v. Commonwealth</u>, 77 S.E.2d
389, 393 (Va. 1953)).  Malice requires that a wrongful act be done

> "wilfully or purposefully." This requirement of
> volitional action is inconsistent with inadvertence.
> Thus, if a killing results from negligence, however
> gross or culpable, and the killing is contrary to the
> defendant's intention, malice cannot be implied. In
> order to elevate the crime to second-degree murder, the
> defendant must be shown to have <u>wilfully or</u>
> <u>purposefully, rather than negligently, embarked upon a</u>
> <u>course of wrongful conduct likely to cause death or great</u>
> <u>bodily harm.</u>

<u>Id.</u> at 220 (internal citation omitted).  "[A] crime requiring the
'intentional causation' of injury requires the use of physical
force." <u>United States v. Battle</u>, 927 F.3d 160, 166 (4th Cir. 2019)
(citing <u>United States v. Castleman</u>, 572 U.S. 157, 170 (2014)).

Because second-degree murder under Virginia law requires the
unlawful killing of a human being, it satisfies § 924(c)'s force
clause. <u>Cf.</u> <u>In re Irby</u>, 858 F.3d at 236 (internal quotation marks
omitted) (citations omitted) ("unlawfully killing another human
being requires the use of force capable of causing physical pain
or injury to another person"); <u>United States v. Evans</u>, 848 F.3d
242, 245 (4th Cir. 2017) (citation omitted) (explaining that,
"force," as used in § 924(c)'s "force clause," means "a substantial
degree of force" that is "capable of causing physical pain or
injury to another person.")  Accordingly, murder in aid of RICO
based on Virginia second-degree murder, is a crime of violence for

13

purposes of § 924(c).  <u>Cf.</u> <u>United States v. Montgomery</u>, No. 3:98CR289 2022 WL 1572026, at *5 (E.D. Va. May 18, 2022) (concluding that Virginia second-degree murder during a drug conspiracy qualifies as a valid crime of violence predicate under the force clause).  Thus, Cazaco's argument with respect to Claim Eighteen lacks merit.

## V.   The Government Concedes That Count Twenty-Five Lacks A Valid Predicate

### A.   Count Twenty-Five Must Be Vacated

Cazaco contends that his § 924(c) conviction in Count Twenty-Five is invalid because it was based on conspiracy to commit Hobbs Act robbery, and conspiracy to commit murder in the aid of RICO, which no longer qualify as crimes of violence.  (ECF No. 1995, at 6.)  The Government agrees that these two predicates are no longer valid crimes of violence.  (ECF No. 2003, at 17 (citing <u>United States v. Runyon</u>, 994 F.3d 192, 199-200 (4th Cir. 2021); <u>United States v. Simms</u>, 914 F.3d 229 (4th Cir. 2019)).  The third predicate offense for Count Twenty-Five was murder in the aid of RICO, an offense that still qualifies as a crime of violence as discussed previously in conjunction with Count Eighteen. Nevertheless, as the Government aptly explains:

> The difficulty, however, is that the jury found [Cazaco] not guilty of the count charging the relevant murder in aid of racketeering for Count Twenty-Five.  The jury did return an inconsistent verdict given that for the RICO count, the jury found the same murder proven.  This

> raises the question of how to treat inconsistent
> verdict. [Cazaco] of course has the burden of showing
> his entitlement to relief on collateral review, and
> whether he has met his burden on this record is a very
> close question. Given the acquittal on the count
> charging the particular murder in aid of racketeering,
> the United States will give [Cazaco] the benefit of the
> doubt and acquiesce in relief on Count Twenty-Five. His
> life sentences and conviction on Count Eighteen make the
> dispute over Count Twenty-Five academic.

(Id. at 18.) In light of the Government's concession, and in the context of this particular case, the Court determines that Count Twenty-Five lacks a valid predicate crime of violence. Therefore, Count Twenty-Five and the corresponding 240-month sentence must be vacated.

## B.   The Court Will Correct The Judgment

"A district court's resolution of a prisoner's § 2255 petition proceeds in two steps." United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007). The district court must first determine whether the prisoner's sentence is unlawful. Here, the Court has concluded that Count Twenty-Five and its corresponding 240-month sentence are unlawful. Under the second step, "if the prisoner's sentence . . . is set aside, the district court 'shall' grant the prisoner an 'appropriate' remedy," which under § 2255 include: "(1) 'discharge the prisoner,' (2) 'grant [the prisoner] a new trial,' (3) 're-sentence [the prisoner],' or (4) 'correct the [prisoner's] sentence.'" Id. (quoting § 2255 (alterations in original)). Therefore, the "end result of a successful § 2255

proceeding must be the vacatur of the prisoner's unlawful sentence" and one of the four outcomes described above.   Id. (emphasis added).

In his § 2255 Motion, Cazaco asks the Court to "vacate the conviction[] for Count[] 25 which would allow the Court to unbundle the sentence and reimpose a new sentence."   (ECF No 1195, at 15.) Although it is not entirely clear, the Court believes that Cazaco's request to "unbundle the sentence" is a reference to the "sentencing package doctrine."   See United States v. Ventura, 864 F.3d 301, 309 (4th Cir 2017).   "Pursuant to that doctrine, when a court of appeals 'vacate[s] a sentence and remand[]s for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing.'"   Id. (alterations in original)(citations omitted).   "Under this [doctrine], a sentence is not merely the sum of its parts; instead, because the district court crafts a sentence by considering all of the relevant factors as a whole, an appellate court that rejects one of the grounds on which the sentence is based unbundles the entire sentence package."   Hadden, 475 F.3d at 669.   However, the sentence package doctrine fails to entitle Cazaco to a resentencing in this instance.   See id.   This case is not before the Court on a remand from the Fourth Circuit with a directive to resentence Cazaco due to a sentencing error. Therefore, the Court is not required to hold a resentencing.   See

id.    This Court has "'broad and flexible power' under § 2255 to determine the nature and scope of the remedial proceeding in the first instance, and nothing in the sentence-package theory forbids [this Court] from doing what the text of § 2255 clearly permits: 'correc[ting] a prisoner's unlawful sentence without conducting a formal 'resentenc[ing].'"   Id. (alterations in original)(internal citation omitted).

The Government contends that the appropriate remedy here is simply to correct the Judgment to remove Count Twenty-Five and the 240-month sentence.   (Id.)   In light of the parties' positions, and because the Court is satisfied that the remaining sentence is lawful and is appropriate, the Court determines that correcting the judgment is the appropriate course in this instance.   Cf. Hadden, 475 F.3d at 669 (approving district court's striking of illegal § 924(c) conviction and sentence and correcting the sentence without a formal resentencing).   Accordingly, Count Twenty-Five will be vacated and the Clerk will be directed to correct the Judgment to remove both Count Twenty-Five and its 240-month corresponding sentence.

## VI.    Conclusion

The § 2255 Motion (ECF No. 1995) will granted in part and will be denied in part.  The Clerk will be directed to correct the Judgment to remove Count Twenty-Five and the 240-month sentence.

17

The action will be dismissed.  A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Cazaco and counsel of record.

_____/s/_____ _R ɛℓ_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  August  31 , 2022